FILED
CLERK, U.S. DISTRICT COURT
10/7/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____RYO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GREGORY JOHN CURCIO,<br><br>　　　　Defendant. | CR  2:25-cr-00811-MWC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2261A(2)(B), 2261(b)(5): Stalking; 18 U.S.C. § 119(a)(2): Protection of Individuals Performing Certain Official Duties] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2261A(2)(B), 2261(b)(5)]

Beginning in or around February 2024, and continuing through at least in or around September 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant GREGORY JOHN CURCIO ("CURCIO"), with the intent to harass and intimidate Victim 1, used an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, cellular telephone networks, interstate wires, and the Internet, to

engage in a course of conduct, described in paragraph 1 below, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Victim 1 and immediate family members of Victim 1, including Victim 1's daughter.

1. Defendant CURCIO's course of conduct included, among other things, the following:

   a. On or about February 26, 2024, defendant CURCIO sent an email to Victim 1's son-in-law that included, in part, the following:

> Your mother-in-law looked like a zombie walking around here this morning and of course gave me a dirty look when I got off the elevator . Have you ever seen her apt. ? I don't think so. Smart guy. It's very puny and faces the cemetery. Depressing.

   b. On or about April 13, 2024, defendant CURCIO sent an email to Victim 1's son-in-law that included, in part, the following:

> Tell your wife and dogged mother in law to stop hacking my phone or I will call Washington DC. Thanks. Greg C

   c. On or about June 17, 2024, defendant CURCIO reported Victim 1's daughter to her employer claiming that Victim 1's daughter allowed Victim 1 to "look up people" on her daughter's government computer.

   d. On or about October 17, 2024, defendant CURCIO sent an email to Victim 1's son-in-law, that included, in part, the following:

> How's the "problem ". I guess she's your problem too. She peaks out of the blinds staring at my apartment most of the day now. Losing her mind probably, psychosis.

  e. On or about November 21, 2024, defendant CURCIO sprayed a pepper spray-like substance on Victim 1's apartment door that later caused burning to Victim 1's skin and eyes.

  f. On or about January 27, 2025, defendant CURCIO sent an email to Victim 1's son-in-law with the subject line "Mother-in-law worse than ever. I hope your kids don't get the dna."

  g. On or about February 1, 2025, defendant CURCIO sent multiple emails to Victim 1's son-in-law, including an email with the subject line "Your mother in law [Victim 1] whatever" that included the following:

> Will probably be deported along with her offspring since she's from Poland then Canada then ....Serves her right for being a lonely isolated witch[.]

  h. On or about February 2, 2025, defendant CURCIO posted a message on a social media platform that included Victim 1's daughter's name and home address and directed others to "swat" her "to night at 5."

  i. On or about February 4, 2025, defendant CURCIO posted a message on a social media platform which identified Victim 1's daughter as "the wicked Ice Queen of Homeland Security," included Victim 1's daughter's home address, and directed others to "swat[]" her.

  j. On or about March 25, 2025, defendant CURCIO posted a message on a social media platform that included, in part, the following: "Please fire [Victim 1's daughter] in los Angeles Homeland Security. She's a real rat."

  k. On or about April 6, 2025, defendant CURCIO posted a message on a social media platform which, in part, asked a high-level

3

government official to fire Victim 1's daughter from her employment with ICE and deport Victim 1.

l.   On or about April 24, 2025, defendant CURCIO posted a message on a social media platform that included Victim 1's home address and included, in part, the following:

> Have [Victim 1's daughter] in LA arrested. she's with ICE. Homeland security . . . . Her mother . An even bigger hater (polish Jew) . . . should be deported to Poland.

m.   On or about July 2, 2025, defendant CURCIO posted a message on a social media platform that included Victim 1's home address and included, in part, the following, "Deport [Victim 1] . . . feisty with a mouth on her."

n.   On or about August 16, 2025, defendant CURCIO posted a message on a social media platform that included Victim 1's home address and included, in part, the following, "[Victim 1]. An enemy of USA . . . Deport her to Poland."

o.   On or about August 19, 2025, defendant CURCIO posted a message on a website that included the following: "Stay away from illegal immigrant [Victim 1]."

4

COUNT TWO

[18 U.S.C. § 119(a)(2)]

On or about February 2, 2025, in Los Angeles County, within the Central District of California, defendant GREGORY JOHN CURCIO knowingly made restricted personal information about an employee with U.S. Immigration and Customs Enforcement (the "covered employee") publicly available, with the intent and knowledge that the restricted personal information would be used to threaten, intimidate, and facilitate the commission of a crime of violence against the covered employee, namely, defendant posted the covered employee's home address on a social media account and directed other individuals to "swat" the covered employee.

COUNT THREE

[18 U.S.C. § 119(a)(2)]

On or about February 4, 2025, in Los Angeles County, within the Central District of California, defendant GREGORY JOHN CURCIO knowingly made restricted personal information about an employee with U.S. Immigration and Customs Enforcement (the "covered employee") publicly available, with the intent and knowledge that the restricted personal information would be used to threaten, intimidate, and facilitate the commission of a crime of violence against the covered employee, namely, defendant posted the covered employee's home address on a social media account and directed other individuals to "swat[]" the covered employee.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

LAUREN RESTREPO
Assistant United States Attorney
National Security Division